UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Counsellors at Law
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
JILL A. MANZO, ESQ.
923KJG
bankruptcy@feinsuch.com

Order Filed on July 29, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

In Re:

HANISH BHOJWANI

 Debtor(s).

Case No.:   19-15140 JKS

Hearing Date: July 25, 2019

Judge:  Honorable John K. Sherwood

Chapter:   13

_____

Recommended Local Form:   ☒ Followed   ☐ Modified

**ORDER VACATING STAY AND CO-DEBTOR STAY**

The relief set forth on the following page is hereby **ORDERED.**

**DATED: July 29, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Upon the motion of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for the Secured Creditor, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay and co-debtor stay is hereby vacated to permit the movant to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☒ Real property more fully described as:

136-138 WEST 50TH STREET, BAYONNE, NJ 07002.

It is further ORDERED that the co-debtor stays under 11 U.S.C. § 1301(c) is vacated as to the co-debtor, *(MAGDA BHOJWANI)*, to permit JPMORGAN CHASE BANK, NATIONAL ASSOCIATION to pursue its rights in the real property described above and as to the co-debtor.

It is further ORDERED, that the Creditor moves the Court for an Order terminating the pending automatic stay to allow Creditor to send to any party or parties protected by the automatic stay any and all notices required by applicable state and/or federal law or regulation. Creditor further moves the Court to terminate the automatic stay to allow Creditor to take such actions with respect to the Property as are provided for under applicable nonbankruptcy law, including but not limited to, informing Debtor(s) of any loan modification, short sale, or other loss mitigation options.

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or

purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.