STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

0    Valuation of Security    *3*    Assumption of Executory Contract or Unexpired Lease    0.    Lien Avoidance

Last revised: September 1, 2018

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

HANISH BHOJWANI

Case No.:    19-15140

Judge:    Sherwood

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date:    October 11, 2019

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____1,040.00_____ per _____month_____ to the Chapter 13 Trustee, starting on
_____September 1, 2019_____ for approximately _____55_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

$2,715.00 paid to date.  Plan calls for payments as follows: $543.00 x 5 months and $1,040.00 x 55 months beginning on September 1, 2019.

## Part 2:    Adequate Protection ☒ NONE

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,250.00 |
| DOMESTIC SUPPORT OBLIGATION | N/A | |
| Internal Revenue Service | 2017 Income Taxes | $11,662.00 |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:    Secured Claims

### a.  Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| CSMC Trust/Select Portfolio Servicing | Mortgage on 1142 Kennedy Boulevard, Bayonne, NJ 07002 | $7,956.27 | $0.00 | $7,956.27 | $2,861.00 |

### c.  Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| JP Morgan Chase NA | 135-138 West 50th Street, Bayonne, NJ | $450,000.00 | $0.00 |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

Secured claim of JP Morgan Chase unaffected by the plan because stay relief was granted to the secured creditor by order of the court dated July 29, 2019 as to property located at 136-138 West 50th Street, Bayonne, NJ 07002. Any transfer of the property pursuant to court order will be in full satisfaction of the debt.

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Toyota Motor Credit Corporation | 2012 Toyota 4Runner | $7,097.00 |

**Part 5:   Unsecured Claims** ☐ **NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Lisa Murray | N/A | Rental lease | Assumed | Per lease terms |
| Staliyn B. Cruz Garcia | N/A | Rental lease | Assumed | Per lease terms |
| Tahir Mahmood | N/A | Rental lease | Assumed | Per lease terms |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Other Administrative Claims

3) Secured Claims

4) Lease Arrearages, 5) Priority Claims, 6) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:    Modification ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified:  August 22, 2019                      .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The plan is being modified to treat the Toyota as paid in full through the plan and to correct treatment of JP Morgan Chase. | The home financed by the Debtor is being surrendered to JP Morgan Chase and the vehicle with Toyota Financial Services will be paid in full through the Chapter 13 plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

---

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: ___10/11/19.___

_____
Debtor

Date: _____

_____
Joint Debtor

Date: ___10/11/19___

_____
Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                 Case No. 19-15140-JKS
Hanish Bhojwani                                                        Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin           Page 1 of 2          Date Rcvd: Oct 18, 2019
                             Form ID: pdf901        Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 20, 2019.
db            +Hanish Bhojwani,   136-138 West 50th Street,   Bayonne, NJ 07002-3104
518102629     +Capital Bank,   Attn: Bankruptcy,   1 Church St. # 300,   Rockville, MD 20850-4190
518261061     +Citibank, N.A.,   701 East 60th Street North,   Sioux Falls, SD 57104-0493
518102632     +Dental Associates of Bayonne,   Trojan Professional Services,   PO Box 1270,
               Los Alamitos, CA 90720-1270
518102633     +Fein Such Kahn & Shepard,   Attorneys At Law,   7 Century Drive, Suite 201,
               Parsippany, NJ 07054-4609
518102637     +JP Morgan Chase,   PO Box 78420,   Phoenix, AZ 85062-8420
518259120     +JPMorgan Chase Bank, N.A.,   3415 Vision Drive,   Columbus, OH 43219-6009
518103196     +Lisa Murray,   1142 Kennedy Blvd, Apt 1,   Bayonne, NJ 07002-3108
518103200     +Magda Bhojwani,   136-138 West 50th Street,   Bayonne, NJ 07002-3104
518103197     +Staliyn B. Cruz Garcia,   1142 Kennedy Blvd,   Bayonne, NJ 07002-3108
518102640    ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Financial Services,   Attn: Bankruptcy,   Po Box 8026,
               Cedar Rapids, IA 52409)
518103198     +Tahir Mahmood,   1142 Kennedy Bvld Apt 2,   Bayonne, NJ 07002-3108
518224780     +Toyota Motor Credit Corporation,   PO Box 9013,   Addison, Texas 75001-9013
518102641     +Trojan Professional Srvs,   Attn: Bankruptcy,   Po Box 1270,   Los Alamitos, CA 90720-1270

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Oct 19 2019 02:24:37     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 19 2019 02:24:33     United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ  07102-5235
518261265      E-mail/Text: jennifer.chacon@spservicing.com Oct 19 2019 02:25:53     CSMC 2018-RPL7 Trust,
               c/o Select Portfolio Servicing, Inc.,   P.O. Box 65250,   Salt Lake City, UT 84165-0250
518102630     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 19 2019 02:32:27     Capital One,
               Attn: Bankruptcy,   Po Box 30285,   Salt Lake City, UT 84130-0285
518173248     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 19 2019 05:30:49
               Capital One Bank (USA), N.A.,   4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
518102631     +E-mail/PDF: creditonebknotifications@resurgent.com Oct 19 2019 02:31:36     Credit One Bank,
               Attn: Bankruptcy Department,   Po Box 98873,   Las Vegas, NV 89193-8873
518201222      E-mail/PDF: MerrickBKNotifications@Resurgent.com Oct 19 2019 02:30:34
               Fair Square Financial LLC,   Resurgent Capital Services,   PO Box 10368,
               Greenville, SC 29603-0368
518102634      E-mail/Text: cio.bncmail@irs.gov Oct 19 2019 02:23:46     Internal Revenue Service,
               District Counsel,   One Newark Center Suite 1500,   Newark, NJ 07102
518212928      E-mail/PDF: resurgentbknotifications@resurgent.com Oct 19 2019 02:31:02     LVNV Funding, LLC,
               Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
518234011      E-mail/Text: ar@figadvisors.com Oct 19 2019 02:25:09
               MTAG Custodian for FIG Capital Investments NJ13, L,   PO Box 54472,
               New Orleans Louisiana 70154-4472
518102638     +E-mail/PDF: MerrickBKNotifications@Resurgent.com Oct 19 2019 02:30:35     Ollo,
               Attn: Bankruptcy,   Po Box 9222,   Old Bethpage, NY 11804-9222
518494891      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 19 2019 02:30:45
               Portfolio Recovery Associates, LLC,   PO Box 41067,   Norfolk, VA 23541
518494892      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 19 2019 02:30:46
               Portfolio Recovery Associates, LLC,   PO Box 41067,   Norfolk, VA 23541,
               Portfolio Recovery Associates, LLC,   PO Box 41067,   Norfolk, VA 23541
518102639     +E-mail/Text: jennifer.chacon@spservicing.com Oct 19 2019 02:25:53
               Select Portfolio Servicing, Inc,   Attn: Bankruptcy,   Po Box 65250,
               Salt Lake City, UT 84165-0250
                                                                               TOTAL: 14


         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518102636*    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 7346,
               PHILADELPHIA PA 19101-7346
               (address filed with court: Internal Revenue Services,   Special Procedures Function,
               955 S Springfield Avenue,   PO Box 744,   Springfield, NJ 07081)
518102635*    +Internal Revenue Service,   PO Box 7346,   Philadelphia, PA 19101-7346
                                                                               TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2          User: admin           Page 2 of 2          Date Rcvd: Oct 18, 2019
                             Form ID: pdf901        Total Noticed: 28
```

                    ***** BYPASSED RECIPIENTS (continued) *****


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2019                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 15, 2019 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor   Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
          James J. Fitzpatrick    on behalf of Debtor Hanish  Bhojwani nickfitz.law@gmail.com,
           nadiafinancial@gmail.com;jfitzpatrick@fitzgeraldcrouchlaw.com;r53165@notify.bestcase.com
          Jill  Manzo    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           bankruptcy@feinsuch.com
          Kevin Gordon McDonald    on behalf of Creditor   Toyota Motor Credit Corporation
           kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Marguerite  Mounier-Wells    on behalf of Debtor Hanish  Bhojwani nadiafinancial@gmail.com,
           mwells@fitzgeraldcrouchlaw.com
          Marie-Ann  Greenberg    magecf@magtrustee.com
          Nicholas  Fitzgerald    on behalf of Debtor Hanish  Bhojwani nickfitz.law@gmail.com
          Rebecca Ann Solarz    on behalf of Creditor   Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          Sarah J. Crouch    on behalf of Debtor Hanish  Bhojwani nickfitz.law@gmail.com,
           nadiafinancial@gmail.com;fitzgeraldnj@stratusbk.com;sarah@fitzgeraldcrouchlaw.com
          U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov
                                                                        TOTAL: 10
```